## Case No. 14,165.

### TREE et al. v. The INDIANA.

[Crabbe, 479] [1]

District Court, E. D. Pennsylvania.　July 15, 1842.

MARITIME LIENS—BY GENERAL LAW—BY STATE STATUTE—FOREIGN AND DOMESTIC VESSELS —ENROLLING FOREIGN VESSEL.

1. Admiralty courts have jurisdiction to enforce the claims of mechanics and material-men for work and materials furnished in fitting vessels for maritime service; where such repairs have been made, or materials furnished, to a foreign ship, or to a ship in the ports of a state to which she does not belong; and in the case of a domestic ship, when by the local laws of the state where the repairs are made, or materials furnished, the creditor has a lien on the vessel.

2. A vessel was enrolled as belonging to a port in New Jersey, and a share in her subsequently sold to a person in Philadelphia, who thereupon became managing owner, and obtained a new enrolment for her as belonging to Philadelphia; a libel being filed in this court for work and materials furnished, both before and after the new enrolment, it was decided that as to the charges which accrued before the new enrolment the court had jurisdiction over her as a foreign vessel, but after that enrolment she became a domestic vessel, and as the lien which the local law of Pennsylvania gave, for work and materials furnished, had been, under that law, divested by her making subsequent voyages, this court had no jurisdiction as to the charges which accrued subsequently to the second enrolment.

[Cited in Dudley v. The Superior, Case No. 4,-115; Hill v. The Golden Gate, Id. 6,492; The Rapid Transit, 11 Fed. 332; The Jennie B. Gilkey, 19 Fed. 128; The Ellen Holgate, 30 Fed. 126; The Samuel Marshall, 49 Fed. 757.]

This was a libel for work and materials furnished [by John Evans Tree and John Eastburn, trading as Tree & Eastburn, sailmakers, against the brig Indiana, Wells, master], the libellants being sail-makers in Philadelphia. It appeared that the Indiana was built at Egg Harbor, in New Jersey, and there enrolled in 1839, as belonging to citizens of that state. On the 21st March, 1840, a sixth part of her was sold to one Patton, of Philadelphia, who thereupon became the managing owner, and on the 27th of that month, caused her to be newly enrolled at Philadelphia. A part of the claim on which the libel was founded was for work and materials furnished before the 27th of March, 1840, and the residue accrued after that time. The Indiana had made a voyage subsequently to the date of the last charge libellants presented against her.

1 [Reported by William H. Crabbe, Esq.]

G. M. Wharton, for respondents.

There is no lien now existent on this vessel. She is a domestic vessel in this port, and is shown to be so by the register and enrolment, which are conclusive; but by our law all lien upon her is gone, as she has made a voyage since the last charge made by libellants. Act of assembly of June 13, 1836 (Dunlop Laws, 3d. Ed., 681); Serg. Const. Law, 208, 209; Woodruff v. The Levi Dearborne [Case No. 17,988]; The General Smith, 4 Wheat. [17 U. S.] 438; Peyroux v. Howard, 7 Pet. [32 U. S.] 324; The Jerusalem [Case No. 7,294]; Davis v. New Brig [Id. 3,643]; Harper v. New Brig [Id. 6,090].

O. Hopkinson, for libellants.

RANDALL, District Judge. The jurisdiction of courts of admiralty to enforce the claims of mechanics and material-men for work done or materials furnished in building, repairing, fitting, or furnishing ships and vessels for maritime service, has been so frequently the subject of examination and judicial decision that, if anything can be considered as settled, it must be admitted that the jurisdiction exists: (1) Where such repairs have been made, or materials furnished, to a foreign ship, or to a ship in the ports of a state to which she does not belong; and (2) in the case of a domestic ship, when, by the local laws of the state where the repairs are made or materials furnished, the creditor has a lien on the vessel. In Pennsylvania, by the act of June 13, 1836 [Laws Pa. 1835-36, p. 617], ships and vessels of all kinds are made subject to a lien for all such work or materials done or furnished at the request of the master or owner, in preference to any other debt due from the owner; but the lien continues only from the time of doing the work or furnishing the materials until the vessel proceeds on her voyage to sea. If she is permitted to leave the port, and proceed to sea, without payment, the debt becomes a personal charge on the owner or contractor, and, as the lien on the vessel is gone, a proceeding in rem cannot be had in the admiralty to enforce payment.

In this case it is proved, if not admitted, that the vessel has made several voyages since the claim of the libellants accrued. The charges bear date at different times, from November, 1839, to August, 1841. The vessel cleared on a voyage to Kingston, Jamaica, on the 15th March, 1842, and the libel was not filed until the 8th April, 1842. Unless, therefore, she can be considered as a foreign vessel during the whole or some part of this time, the libel must be dismissed. The Indiana was built at Great Egg Harbor, in the state of New Jersey, in 1839, was owned by residents of that state, and, on the 18th October, 1839, was enrolled there as belonging to that port. On the 21st March, 1840, W. B. Adams, one of the owners, sold a sixth part of the vessel to Armer Patton, of Phil-

adelphia, and, on the 27th of that month, she was enrolled as belonging to this port; but, as the other owners continued to reside in New Jersey, it has been contended that the vessel must be still considered as belonging to that state. The act of congress, however, prescribes to what port or place a vessel shall be considered to belong. All ships or vessels are required to be registered by the collector of "the district in which shall be comprehended the port to which such ship or vessel shall belong at the time of her registry." Which port, by the third section of the act of December 31, 1792. 1 Story, Laws, 268, 269 [1 Stat. 288], is "deemed to be that. at or nearest to which the owner, if there be but one, or if more than one, the husband, or acting and managing owner of such ship or vessel, usually resides." In this case Patton, after his purchase, became the acting or managing owner of the vessel; consequently, her register was changed, and after the 27th of March, 1840, she ceased to be a foreign vessel, and must be considered as belonging to the port of Philadelphia. For repairs prior to that time the libellants have a lien. The charge for work and materials before that date amounts to $1021 61, and payments are admitted amounting to $947 51; the respondents allege that the work and materials have been greatly overcharged, so that these payments are a full compensation for all that was fairly due, but the evidence has not satisfied me that the libellants claim more than they are entitled to recover. For the balance of that account they will be entitled to a decree; as to the remainder of their claim the libel must be dismissed for want of jurisdiction.

Decree for libellants for $70 10, and costs, and as to the balance for work, labor, and materials furnished since 27th March, 1840, libel dismissed for want of jurisdiction.